[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Having reviewed the evidence and the sworn financial affidavits of each party in the context of the required considerations set forth in Title 46b, Chapter 815j of the Connecticut General Statutes, the following orders shall enter:
 1. Defendant's Motion for Contempt dated May 18, 1990. Denied. No willfulness is found to exist.
 2. Plaintiff's Motion for Contempt dated August 30, 1990. Denied. No willfulness is found to exist.
 3. Plaintiff's Motion for Contempt dated October 1, 1990. Denied. No willfulness is found to exist. An arrearage of $1575 is found.
 4. Defendant's Motion for Modification dated August 28, 1990. Substantial change of circumstances exists.
 a. Alimony reduced to $1 a year. The limited three year alimony period is eliminated.
 b. Child support waived until defendant is re-employed, but in no event for a period of longer than 30 days, when defendant shall return to court for a support order if he has not already negotiated a support order satisfactory to plaintiff. That category of child support payments heretofore limited to the age of twelve is hereby extended.
 c. Defendant's share of the proceeds from the sale of the limited partnership in Ferraro Energy is to be retained by plaintiff and applied to defendant's arrearage.
 5. Plaintiff's Motion to Reopen dated June 1, 1990. Denied. The court finds defendant's financial affidavit was in error. Whether the error was fraudulent is irrelevant as the court does not find that the income claimed by plaintiff would probably have affected the court's financial orders.
 6. Plaintiff's Motion to Vacate dated August 28, 1989. Denied. Insufficient evidence.
JOSEPH L. STEINBERG, JUDGE